# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA
\* \* \*

| | |
|---|---|
| Heather L. Wallen,<br><br>Petitioner,<br><br>v.<br><br>William Reubart, *et al.*,<br><br>Respondents. | Case No. 2:24-cv-00717-MMD-DJA<br><br>ORDER |

Heather L. Wallen has submitted a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and has now paid the filing fee. (ECF Nos. 1-1, 4.) The Clerk of Court will be ordered to docket the petition. Having screened the petition under Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254, the Court concludes that the petition contains factual allegations that demonstrate the possibility of constitutional error and, therefore, will direct the Clerk to serve it on Respondents. For reasons discussed below, however, Respondents will not be required to respond to the petition pending a determination of whether Wallen can show cause as to why the petition should not be dismissed as unexhausted or why this action should be stayed.

Wallen challenges a judgment of conviction entered in the Fifth Judicial District Court of and for Nye County, Nevada, finding her guilty, pursuant to a guilty plea, of conspiracy to commit burglary and battery causing substantial harm. (ECF No. 1-1 at 1.) She was adjudicated a habitual criminal. The Nevada Court of Appeals entered its order affirming the judgment on May 11, 2023.[1] It appears from Wallen's federal petition that she did not file a state petition for postconviction relief.

---

[1] The Court takes judicial notice of the order entered by the Nevada Court of Appeals affirming Wallen's judgment of conviction on direct appeal. *See Wallen v. State*, No. 84826-COA (Nev. Ct. App. May 11, 2023).

A federal court will not grant a state prisoner's petition for habeas relief until the prisoner has exhausted her available state remedies for all claims raised. *See Rose v. Lundy*, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b). A petitioner must give the state courts a fair opportunity to act on each of her claims before she presents those claims in a federal habeas petition. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999); *Duncan v. Henry*, 513 U.S. 364, 365 (1995). A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral review proceedings. *See Casey v. Moore*, 386 F.3d 896, 916 (9th Cir. 2004); *Garrison v. McCarthey*, 653 F.2d 374, 376 (9th Cir. 1981).

On direct appeal, Wallen raised a single claim: that the district court erred by failing to continue *sua sponte* the sentencing hearing after it did not grant her counsel's oral request at sentencing to withdraw from the case. *See Wallen*, No. 84826-COA. She now presents three claims in her federal petition: (1) the state appellate court denied her the right to a fair and impartial review; (2) the appellate court abdicated its responsibility knowing the district judge entrapped petitioner and failed to abide by court rules; and (3) the appellate court denied her the right to a fair review because the district court amended a ten-year-old conviction and separated it into five prior convictions. None of these three claims has been presented to the state appellate courts; therefore, the petition is wholly unexhausted.

Wallen may have filed her federal petition out of concern about the time limitation imposed by 28 U.S.C. § 2244(d)(1)(A). Under that provision, a state prisoner must file a federal habeas petition within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). If Wallen intends to ask this Court to stay this petition while she attempts to exhaust the claims in state court, she must file a motion for stay and abeyance. In *Rhines v. Weber*, the Supreme Court placed limitations upon the discretion of the court to facilitate habeas petitioners' return to state court to exhaust claims. *See* 544 U.S. 269 (2005). First, "stay and abeyance should be available only in limited

circumstances." *Id*. at 277. And the relief "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust [her] claims first in state court." *Id*. Moreover, "it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for [her] failure to exhaust, [her] unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id*. at 278. The Ninth Circuit has held that the application of an 'extraordinary circumstances' standard does not comport with the 'good cause' standard prescribed by *Rhines*. *See Jackson v. Roe*, 425 F.3d 654, 661-62 (9th Cir. 2005). A petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause' for her to file in federal court and ask for a stay under *Rhines*.[2] This Court may stay a partially or wholly unexhausted petition if: (1) the habeas petitioner has good cause; (2) the unexhausted claims are potentially meritorious; and (3) petitioner has not engaged in dilatory litigation tactics. *See Rhines*, 544 U.S. at 278; *see also Mena v. Long,* 813 F.3d 907 (9th Cir. 2016); *Wooten v. Kirkland*, 540 F.3d 1019, 1023-24 (9th Cir. 2008). The Court will give Wallen an opportunity to show cause as to why this case should not be dismissed as unexhausted or to move for a stay.

It is therefore ordered that the Clerk of Court is directed to file and electronically serve the petition (ECF No. 1-1) on Respondents and add Aaron D. Ford, Nevada Attorney General, as counsel for Respondents.

It is further ordered that the Clerk provide Respondents with an electronic copy of all items previously filed in this case by regenerating the Notice of Electronic Filing to the Office of the Attorney General only.

It is further ordered that Petitioner has 30 days from the date that this order is entered to show cause as to why her Petition should not be dismissed without prejudice as unexhausted or to file a motion for stay and abeyance. Failure to respond within the

---

[2]It appears that, if Wallen pursues a state postconviction petition, it may be procedurally barred as untimely and an abuse of the writ under state law absent a showing of good cause and actual prejudice to overcome the default. *See* NRS §§ 34.726, 34.810.

time allowed or show good cause for an extension will result in dismissal without prejudice and without further notice.

It is further ordered that all assertions of fact made by Petitioner in response to this order to show cause must be detailed, specific as to time and place, and supported by competent evidence. Petitioner should attach copies of all materials upon which she bases her argument that her petition should not be dismissed as unexhausted or that a stay is warranted.

It is further ordered that, if Petitioner files a motion for stay and abeyance, Respondents may oppose, and petitioner may reply as provided for in Local Rule 7-2.

DATED THIS 13th day of June 2024.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE